IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No: 3:15-cv-354

| | |
|---|---|
| LM RESTAURANTS, INC., | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )    **COMPLAINT** |
| ALE YEAH!, INC., ALE YEAH! ROSWELL, | ) |
| INC., FILL 'ER UP, LLC, FRANCISCO | ) |
| VILA AND EDDIE HOLLEY, | ) |
| | ) |
|     **Defendants.** | ) |

Plaintiff, LMR Restaurants, Inc. ("LMR"), by and through its counsel, complaining of Defendants Ale Yeah!, Inc., Ale Yeah! Roswell, Inc., Fill 'Er Up, LLC, Francisco Vila and Eddie Holley ("Defendants"), alleges and says:

## PARTIES

1. LMR is a North Carolina corporation with its principle place of business in, Raleigh, North Carolina.

2. Upon information and belief, Defendant Francisco Vila is a resident of 3597 Norwich Drive, Tucker, Georgia 30084.

3. Upon information and belief, Defendant Eddie Holley is a Georgia resident of 2954 Kimmeridge Drive, Atlanta, Georgia 30343.

4. Ale Yeah!, Inc. is a Georgia corporation with its principle place of business in Decatur, Georgia.

5. Ale Yeah! Roswell, Inc. is a Georgia corporation with its principle place of business in Roswell, Georgia.

6. Fill 'Er Up, LLC is a Georgia limited liability company with its principle place of business in Kennesaw, Georgia.

**JURISDICTION AND VENUE**

7. This case is brought pursuant to the Lanham Act, 15 U.S.C. 1051, *et seq.,* and the Copyright Act, 17 U.S.C. 101, *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over LMR's state law claims arising under the same nucleus of facts pursuant to 28 U.S.C. § 1367.

8. Defendants do business in this judicial district through licensing the asserted mark in this suit to their licensees in Charlotte.

9. Plaintiff does business in this judicial district through licensing the mark asserted in this suit to Plaintiff's licensee in Charlotte.

**FACTS**

10. LMR is a North Carolina based restaurant management company. LMR manages and operates restaurants, to include the chain of sports-themed restaurants known as the CAROLINA ALE HOUSE ("CAH"). As part of its restaurant management services, LMR owns and manages the CAH brand, as well as all intellectual property associated with the chain.

11. CAH restaurants fuse the old English ale house and modern sports bar, and offer an extensive selection of beers and ales on tap and in bottles. Beers and ales may be purchased in a variety of sizes – from the flight to the pitcher.

12. LMR started CAH in Raleigh in 1999. Since then, LMR expanded the CAH to twenty five locations in the Southeastern United States. Lauded as one of the fastest growing private companies in the Raleigh, North Carolina area, the CAH continues to actively expand its

operations and add restaurant locations. LMR intends to open more CAH locations in the near future, to include in or around the Atlanta area and its suburbs.

13. As part of their bar and restaurant services, CAH restaurants offer goods and services related to craft beer. CAH restaurants regularly feature a wide range of craft beer selections and are involved in craft beer events, to include:

   a. CAH restaurants and bars also host an annual "Craft Beer Month" for the month of May to celebrate craft beers.

   b. During "Craft Beer Month," some CAH restaurants offer additional craft beer related specials. For example, the Charlotte CAH location offers $13 pitchers of North Carolina craft beer during "Craft Beer Month," 22oz mugs of North Carolina craft beers for the price of a pint, and daily featured flights of craft beers.

   c. Some CAH locations offer Craft Pint Night. For example, the Downtown Raleigh CAH location offers craft pint night every Wednesday, where pints of craft beer are offered at a discount. The Charlotte CAH location offers $3 drafts on beers from local North Carolina breweries.

   d. CAH locations hold beer tastings and beer dinners in conjunction with local breweries. Such events have been held in, at least, the Augusta, Georgia and Downtown Raleigh CAH locations.

   e. The Charlotte, NC CAH location participated in Creative Loafing's Charlotte Craft Beer & Burger Festival entitled "Moo & Brew."

   f. The Knoxville, Tennessee location hosted a relay race event to raise money for the Special Olympics in conjunction with a local Knoxville brewery.

14. Since at least as early as 2007, LMR began licensing the ALE YEAH! mark to its CAH restaurant licensees in Florida, Georgia, North Carolina, South Carolina, Tennessee, and Texas. The CAH restaurant licensees use the ALE YEAH! mark in connection with restaurant and bar services.

15. One of LMR's CAH restaurant licensees operates in Charlotte, North Carolina. The Charlotte CAH location has been doing business since September 28, 2011. The Charlotte CAH is very popular with both Charlotte natives and visitors.

16. The United States Patent and Trademark Office awarded LMR U.S. Registration No. 4,536,975 for the mark ALE YEAH! used in conjunction with restaurant and bar services. The '975 Registration is active and enforceable.

17. LMR actively works to promote, protect, and advertise its intellectual property, to include the ALE YEAH! mark. LMR spends substantial advertising dollars marketing its services under the ALE YEAH! mark. Examples of LMR's promotion efforts include:

   a. LMR markets its services through various advertising media, including on the Internet at www.carolinaalehouse.com. From this website, users and guests can learn about specials and events happening at the CAH restaurants, can access the CAH online newsletter, access photo galleries of various events hosted by the CAH, and can learn about CAH's philanthropy and community involvement.

   b. LMR markets the CAH brand on social media sites including Facebook (www.facebook.com/CarolinaAleHouseOfficial) and Twitter (twitter.com/carolinalehouse). In addition to the main CAH sites, many CAH locations also have individual Facebook pages and Twitter feeds where they communicate with the patrons of those locations. LMR and the CAH licensees

4

use "ALE YEAH!" in their Facebook and Twitter postings, as well as the #AleYeah! Hashtag on Twitter.

18. Examples of LMR and its CAH licensees using the ALE YEAH! mark include the following:



19. In addition to restaurant and bar services, LMR and its licensees also offer CAH gear and merchandise bearing LMR's trademarks. By way of an example, fans of CAH can obtain the CAROLINA ALE HOUSE/ALE YEAH! koozies shown below:



LMR and its licensees also sell shirts and glassware bearing LMR's trademarks, some of which are available through an online store on the CAH website.

20. LMR further advertises in print media, newspapers, trade journals, magazines, signs, banners, and on numerous promotional materials.

21. Like many bars in the Southeastern United States as well as the eponymous ale houses for which the CAH chain is named, LMR intends to brew its own house beer. LMR began the process of developing its own beers and is planning to offer those beers to the public relatively soon. LMR intends to market its beer under the ALE YEAH! mark and has filed an intent-to-use application with the United States Patent and Trademark Office which has assigned it Application Serial No. 86679233.

**Defendants' Infringing Acts**

22. In or about 2010, years after LMR introduced the ALE YEAH! mark to the same geographic region of the United States, Defendants Villa and Holley formed Defendant Ale Yeah, Inc. (f.k.a. Ale Yeah LLC) and opened a beer store in Decatur, Georgia under the name ALE YEAH!

23. In or about 2012, Defendants Villa and Holley formed Defendant Ale Yeah! Roswell, Inc. and opened a beer store in Roswell, Georgia under the name ALE YEAH! (collectively, Defendants Villa, Holley, Ale Yeah! Inc. and Ale Yeah! Roswell, Inc. are referred to as the "Ale Yeah! Defendants")

24. Upon information and belief, in or about July 2014, Defendants Villa and Holley licensed or entered into a joint venture with Jean Lynn Nichols and John De Lorenzo to form Fill 'Er Up, LLC and open a beer store in Kennesaw, Georgia under the name ALE YEAH! (the "Kennesaw Defendant").

25. The Ale Yeah! Defendants and the Kennesaw Defendant operate a joint website with an active store, to include marketing and offering goods for sale in this district.

26. In 2013, Defendants Villa and Holley learned a Charlotte, NC couple, the VanNesses, applied to register the mark ALE YEAH! with the United States Patent and Trademark Office ("USPTO") to sell beer mugs and related glassware, as well as apparel. Defendants Villa and Holley opposed the VanNesses' registration, arguing that consumers were likely to be confused between the VanNesses apparel and glassware goods and Defendants Villa's and Holley's beer stores.

27. In September 2013, LMR also learned the VanNesses applied to register the mark ALE YEAH! with the USPTO. LMR wrote to the VanNesses, putting the VanNesses on notice of LMR's federal trademark rights and explaining that there was a likelihood of confusion between the VanNesses' use of ALE YEAH and LMR. A copy of that letter is attached at Exhibit A.

28. On September 25, 2013, LMR wrote to Defendants Villa and Holley, putting them on notice of LMR's federal trademark rights and explaining that there was a likelihood of confusion between Villa and Holley and LMR. A copy of that letter is attached at Exhibit B.

29. Despite receiving LMR's letter advising them of LMR's rights, Defendants Villa and Holley refused to stop using the ALE YEAH! mark.

30. With full knowledge of LMR's mark, the Ale Yeah! Defendants expanded their use of the mark ALE YEAH!

31. In October 2013, approximately three weeks after LMR wrote to Villa, Holley, and the VanNesses, Villa and Holley licensed the ALE YEAH! mark to the VanNesses. The license agreement concluded the opposition between Defendants Villa and Holley and the VanNesses.

32. After entering into the license agreement with Defendants Villa and Holley, the VanNesses continued to advertise and offer their ALE YEAH goods for sale.

33. In April 2014, LMR initiated opposition proceedings against two ALE YEAH! trademark applications filed by Villa and Holley with the USPTO. LMR alleged a likelihood of confusion between Villa and Holley's use of ALE YEAH! and LMR. In June 2014, LMR initiated opposition proceedings against a third ALE YEAH! based trademark application filed by Villa and Holley with the USPTO. LMR again alleged a likelihood of confusion between Villa and Holley's use of ALE YEAH! and LMR. These three opposition proceedings are currently pending before the USPTO.

34. The Ale Yeah! Defendants licensed the ALE YEAH! mark to the Kennesaw Defendant with full knowledge of and disregard for Plaintiff's rights in the same mark. On or about July 23, 2014, Jean Lynn Nichols and John De Lorenzo formed Fill Er' Up, LLC to operate a beer store under the name ALE YEAH!

35. Upon information and belief, the Kennesaw Defendant offers similar goods and services as the Ale Yeah! Defendants.

36. Defendants sell beer and ale on tap and in bottles to consumers under the ALE YEAH! mark.

37. Defendants market themselves as selling craft beer.

38. At least some Defendants partner with local businesses to offer beer and food tastings. For example, the Ale Yeah! Defendants advertised a beer and food tasting at Barrington Hall in conjunction with One Screw Specialty Jellies and Happy Hour Confections. A copy of an advertisement for this event is shown below:



39. Defendants offer tap beer for drinking on Defendants' premises. Defendant advertises these services. For example:

    a. Defendants' website advertises "8 oz pours";

    b. Defendants' website advertises that customers may purchase flights from Defendants' "growler wall" of beers on tap for drinking on Defendants' premises;

    c. Defendants' website features a Tap List page, advertising, inter alia, "Taster" size tap drinks;

    d. Defendants' social media pages includes the following posts showcasing offerings and events at Defendants' stores:






40. Like Plaintiff's Carolina Ale Houses, Defendants sell food to be eaten on Defendants' premises while drinking beer from Defendants' beer taps. For example, Defendants' website advertises a *Terrapin 'Adult Sack Lunch' Roswell, July 24th* lunch event. To describe its lunch event, Defendants stated:

> Not busy this Friday? Swing into Roswell at 6pm for a tapping of Terrapin's Liquid Lunch peanut butter and jelly porter. We'll have 8oz pours along with a good ol' PB&J sandwich made with local products and a small bag of Knotty Pretzels to go along with it, all for a mere $10….

A copy of Defendants' website advertisement for these services is attached at Exhibit C.

41. Defendants advertise their ALE YEAH! services through the Internet. For example, Defendants:

    a. maintain a website at www.aleyeahbeer.com;

    b. maintain an email newsletter about events occurring at their stores;

    c. maintain pages on Twitter at @AleYeahBeer, @AleYeahBeer_Ros, @AleYeahBeer_ken, and @AleYeahBeer_CV;

10

    d.   maintain a Facebook page at www.facebook.com/aleyeahbeer; and

    e.   maintain an Instagram account at instagram.com/aleyeah/.

42.    In or around July 2015, Defendants updated their website to include an online store. Defendants' online store features gear such as shirts, glasses, and koozies with Defendants' branding. An image of Defendant's koozie is shown below:



# COUNT I
# Trademark Infringement
# 15 U.S.C. § 1114.

43.    Plaintiff realleges the preceding paragraphs.

44.    Plaintiff owns U.S. Trademark Registration No. 4,536,975 for ALE YEAH for restaurant and bar services.

45.    Defendants' ALE YEAH! word mark is identical to Plaintiff's federally registered trademark.

46.    Defendants use the ALE YEAH! mark to offer goods and services the same as and closely related to the goods and services of Plaintiff.

47.    Defendants use the ALE YEAH! mark to offer beer for customers to drink on their premises.

48.    Defendants and Plaintiff both offer services related to selling craft beer.

49. Defendants and Plaintiff both offer trademarked gear under the ALE YEAH! mark.

50. Defendants and Plaintiff both use the ALE YEAH! marks in Georgia.

51. Defendants' licensees, the Van Nesses, and Plaintiff both use the ALE YEAH! mark in North Carolina.

52. Defendants and Plaintiff advertise through the same channels, to include the Internet and social media.

53. Defendants' acts are likely to cause confusion or to cause mistake or to deceive.

54. Despite knowledge of Plaintiff's rights, the Ale Yeah! Defendants intentionally expanded their use of ALE YEAH! and the Kennesaw Defendant intentionally adopted and used the ALE YEAH! mark.

55. Defendants' acts in expanding their use of ALE YEAH! after being put on notice of LMR's rights were done in bad faith.

56. Defendants acts amount to trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

## COUNT II
## Trademark Infringement
## 15 U.S.C. § 1125(a)

57. Plaintiff realleges the preceding paragraphs.

58. Plaintiff's ALE YEAH mark is well known as indicating Plaintiff as the source for Plaintiffs' bar and restaurant services.

59. Defendants' ALE YEAH! word mark is identical to Plaintiff's ALE YEAH! trademark.

60. Defendants use the ALE YEAH! mark to offer food for customers to eat on their premises.

61. Defendants use the ALE YEAH! mark to offer beer for customers to drink on their premises.

62. Defendants and Plaintiff both offer services related to selling craft beer.

63. Defendants and Plaintiff both offer trademarked gear under the ALE YEAH! mark.

64. Defendants and Plaintiff both use the ALE YEAH! marks in Georgia.

65. Defendants' licensees, the Van Nesses, and Plaintiff both use the ALE YEAH! marks in North Carolina.

66. Defendants and Plaintiff advertise through the same channels, to include the Internet and social media.

67. Defendants' acts are likely to cause confusion or to cause mistake or to deceive.

68. Despite knowledge of Plaintiff's rights, the Ale Yeah! Defendants intentionally expanded their use of ALE YEAH! and the Kennesaw Defendant intentionally adopted and used the ALE YEAH! mark.

69. Defendants' acts in expanding their use of ALE YEAH! after being put on notice of LMR's rights were done in bad faith.

70. Defendants acts amount to trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT III
### Unfair and Deceptive Trade Practices
### N.C. Gen. Stat. § 75-1.1

71. Plaintiff realleges the preceding paragraphs.

72. Plaintiff owns the trademark ALE YEAH! for restaurant and bar services.

73. Plaintiff owns U.S. Trademark Registration No. 4,536,975 for ALE YEAH for restaurant and bar services.

74. Defendants' ALE YEAH! word mark is identical to Plaintiff's federally registered trademark.

75. Defendants use the ALE YEAH! mark to offer food for customers to eat on their premises.

76. Defendants use the ALE YEAH! mark to offer beer for customers to drink on their premises.

77. Defendants and Plaintiff both offer services related to selling craft beer.

78. Defendants and Plaintiff both offer trademarked gear under the ALE YEAH! mark.

79. Defendants and Plaintiff both use the ALE YEAH! marks in Georgia.

80. Defendants' licensees, the Van Nesses, and Plaintiff both use the ALE YEAH! mark in North Carolina.

81. Defendants and Plaintiff advertise through the same channels, to include the Internet and social media.

82. Defendants' acts are likely to cause confusion or to cause mistake or to deceive.

83. Defendants' acts amount to trademark infringement.

84. Defendants' acts amount to unfair and deceptive trade practices under North Carolina law.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully prays the Court that:

A. the Court hold Defendants infringe Plaintiff's trademark and permanently enjoin Defendants and those acting in concert with Defendants from using ALE YEAH! and any other marks confusingly similar thereto;

B. the Court treble damages pursuant to N.C. Gen. Stat. § 75-16;

C. the Court find this case to be exceptional and award LMR its attorneys' fees pursuant to 15 U.S.C. § 1117 and N.C. Gen. Stat. § 75-16.1;

D. the costs of this action and prejudgment interests be taxed against Defendants; and

E. the Court grant Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury be held on all issues so triable.

Respectfully submitted, this the 5th day of August, 2015.

> **Coats & Bennett, PLLC**
> **Attorneys for**
>
> By: */s/ Anthony J. Biller*
> Anthony J. Biller
> NC State Bar No. 24,117
> Emily M. Haas
> NC State Bar No. 39,716
> 1400 Crescent Green, Suite 300
> Cary, North Carolina 27518
> Telephone: (919) 854-1844
> Facsimile: (919) 854-2084
> Email: abiller@coatsandbennett.com
> ehaas@coatsandbennett.com