UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00354-MOC-DSC

| | | |
|---|---|---|
| **LM RESTAURANTS, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **ALE YEAH!, INC.** | ) | |
| **FRANCISCO VILA** | ) | |
| **ALE YEAH! ROSWELL, INC.** | ) | |
| **EDDIE HOLLEY** | ) | |
| **FILL 'ER UP, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendants' Motion to Dismiss or Transfer to the

Northern District of Georgia, which has been fully briefed. The court will set such motion for

hearing.

The court has, however, conducted an initial review of the motion and has some concerns

which may aid the parties in either preparing for the hearing or resolving this matter short of such

proceeding. While defendants seek dismissal based on lack of sufficient contacts with this forum,

the court is concerned that their claim to having had no contacts with North Carolina is judicially

estopped (or some administrative variant thereof) based on representations they made to the United

States Patent and Trademark Office in opposing plaintiff's trademark application, as follows:

> 3.     Opposers have been using the mark ALE YEAH! (and design) in connection
> with retail store services featuring beer, growlers (a type of beer container
> glassware bottle), glassware, clothing, and other beer-related merchandise since at
> least August 1, 2012. Such uses include advertisements and articles in nationally
> distributed trade magazines, building signs, showcasing their retail store services at
> trade shows within the U.S., and advertising their retail services online, and

soliciting orders thereby, all using the ALE YEAH! (and design) mark, plus the mark ALE YEAH! As a standard character mark.

"Notice of Opposition," Plaintiff's Ex. D at p. 5 (#21-4).  The parties should be prepared to discuss whether judicial estoppel is applicable to such representation made to the TTAB.  See Yeda Research & Dev. Co. v. Imclone Sys. Inc., 443 F.Supp.2d 570, 624 (S.D.N.Y.2006) (applying judicial estoppel doctrine to sworn statements made to the USPTO); c.f. Devon Indus., Inc. v. Am. Med. Int'l Inc., 61 F.3d 910 (9th Cir.1995) (finding patent application did not qualify as prior judicial proceeding).  Even if defendants are not judicially estopped, courts frown on parties making inconsistent statements -- running hot before the USPTO, then cold before the district court. Lewandowski v. National R.R. Passenger Corp., 882 F.2d 815, 819 (3d Cir. 1989).

The court also has concerns with defendants' conclusion that the previously overlooked Licensing Agreement is void for lack of consideration and its further conclusion that a void contract cannot be considered in determining minimum contacts.  While providing a citation for the argument that the contract is void under North Carolina law, defendants have overlooked a citation for the legal proposition that a void contract cannot be considered as a contact with the forum state.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss or Transfer to the Northern District of Georgia (#17) be calendared for oral arguments by the Clerk of Court.  The Clerk is instructed to set aside one hour for arguments.

Signed: October 23, 2015

Max O. Cogburn Jr.
United States District Judge