IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No: 3:15-cv-354 -MOC-DSC

| | |
|---|---|
| LM RESTAURANTS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALE YEAH!, INC., ALE YEAH! ROSWELL, )<br>INC., FILL 'ER UP, LLC, FRANCISCO )<br>VILA AND EDDIE HOLLEY, )<br>)<br>Defendants. ) | **DECLARATION OF KATHERINE GOLDFADEN** |

I, Katherine Goldfaden, declare that the following is true and based upon my first-hand knowledge unless otherwise indicated:

1. I am over 18 years of age, suffer from no cognitive disabilities, and am competent to testify to the matters set forth herein, all of which are based on personal knowledge.

2. I am the director of marketing for LM Restaurants, Inc. ("LMR"), the plaintiff. As marketing director, I oversee the identity, brand equity and strength of all LM Brands, new concept development through creation and execution of new brands, strategic planning with goals, KPIs to achieve results, oversee media efforts to support sales goals – traditional and non-traditional/digital strategies, develop and strengthen relationships with online influencer groups and bloggers, monitor brand messages, strategies and sales driving efforts, drive brand understanding and support throughout the organization, public relations, represent brand team in LM Restaurants executive leadership team.

3. LMR's CAROLINA ALE HOUSE chain uses LMR's ALE YEAH! trademark. There are thirty CAROLINA ALE HOUSE restaurants. These restaurants are located in seven different states. Seventeen of the CAROLINA ALE HOUSE restaurants are operated by LMR. The remaining CAROLINA ALE HOUSE restaurants are licensed operations under the CAROLINA ALE HOUSE brand.

4. LMR does not maintain separate records for all of our trademarks, the dates of the use, or the amount of money spent on each particular use. In order for LMR to begin to estimate each specific advertising and promotion we ran (with and without ALE YEAH!), the dates of use, or the amount of money spent for each particular use, I would have to go through our archives for the seventeen stores LMR operates and attempt to build a timeline. This would require going through records that are electronically maintained, as well as documents we only maintain in paper. I estimate it would take me at least a week of working on just this project and nothing else in order to begin to approach an estimate on the uses, dates, and money spent for each.

5. In order to obtain this information for all of the restaurants operated by our licensees, I would have to visit each location and interview each licensee. I do know that, typically, our licensees do not maintain records to this level of specificity, and it would be difficult if not impossible to capture their uses. I estimate it would take several weeks to visit and research the various licensees.

6. Given my responsibilities to LMR and its operations, it would be a significant hardship for me to take several weeks away from my duties to research this information.

7. LMR provided its total marketing expenditures to the Defendants. This is the only records we have regarding our brand-based expenditures. LMR does not maintain records

that would allow LMR to track expenditures by mark, such as the ALE YEAH! portion of the CAROLINA ALE HOUSE brand.

8. LMR distributes promotional items bearing LMR's ALE YEAH! For example, LMR distributes koozies bearing the ALE YEAH! mark. The majority of these items are provided to consumers as part of promotions and are not sold.

9. LMR's servers wear shirts that prominently include the ALE YEAH! mark. These shirts are popular with our customers. Customers ask their servers or hosts if they can purchase their own ALE YEAH! shirts. The shirts are sold through the individual stores. Because there isn't an entry for selling server shirts in the system, each store, and often each sale, is rung up in the system under what the person making the sale believes is most appropriate. For example, sales of shirts are entered as "promotional," "merchandise," or another heading. There is no way for LMR to identify which "promotional" items, for example, are ALE YEAH! shirts and which are other CAROLINA ALE HOUSE themed items. Because of this, LMR has no way to identify each sale of each ALE YEAH! branded shirt, the dates of each sale, or the proceeds identified with those sales. By reviewing our inventory for ordering and shipping the shirts to our stores, we estimate approximately 4,600 of our ALE YEAH! branded shirts have been sold to our customers.

10. From 2007 through 2010, LMR utilized an in-house designer, Amanda Constantinides, to design its advertising. Because Ms. Constantinides was in-house, discussions about advertising and promotion were done in person.

11. From 2010 to the present, I have designed LMR's advertising and promotional campaigns. Generally, I converse with other members of the LMR team in person or over the phone. I do not normally send email communications about these campaigns.

12. In the 2007-2008 time-frame, LMR also worked with Chris Sullivan, who came up with the ALE YEAH! mark, and Vitalink on advertising and promotional materials. I was LMR's contact at Vitalink from 2001 through 2007, and I left Vitalink in March 2007. When LMR worked with outside consultants like Vitalink or Mr. Sullivan, LMR primarily communicated with the consultants in person or on the phone.

13. When LMR purchases advertising on radio, television, and print, we typically work with those advertisers in person or hold discussions with them over the phone.

14. Two years ago, one of LMR's servers failed. We undertook a number of processes to try to recover the data, but unfortunately not all the data was able to be recovered.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the ___30___ day of March 2017.

Katherine Goldfaden

4

# CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of March, 2017 a copy of the foregoing **DECLARATION OF KATHERINE GOLDFADEN** was filed with the Clerk of Court using the CM/ECF system which will send notification to opposing counsel at the following address:

>Christopher A. Page
>Jonathan L. Crook
>Young Moore and Henderson, P.A.
>P.O. Box 31627
>Raleigh, NC 27622
>Email:  Chris.Page@youngmoorelaw.com
>              Jonathan.Crook@youngmoorelaw.com

and I hereby certify that on this the 31st day of March, 2017 a copy of the foregoing **DECLARATION OF KATHERINE GOLDFADEN** was served upon the party listed below via U.S. mail first class, postage prepaid:

>Fill 'Er Up, LLC
>c/o Arthur J. De Lorenzo and Jeanne Nichols
>4137 Victory Drive
>The Villages, FL 32163

>/s/   *Emily M. Haas*
>Emily M. Haas
>NC State Bar No. 39,716
>1400 Crescent Green, Suite 300
>Cary, NC 27518
>Telephone: (919) 854-1844
>Facsimile:  (919) 854-2084
>Email: ehaas@coatsandbennett.com
>
>*Attorney for Plaintiff*